IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| TYRONE LACY, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CV 114-243 |
|  | ) |  |
| CBI POWER and LOCAL UNION 515, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**O R D E R**

Because Plaintiff is proceeding *pro se* in the above-captioned case, the Court provided him with some basic instructions regarding the development and progression of this case. (Doc. no. 6.) In those instructions, the Court explained that any paper filed with the court shall include a certificate stating the date a copy was mailed to Defendants and their counsel. (Id. at 2 (citing Fed. R. Civ. P. 5 and Loc. R. 5.1).) The Court also cautioned Plaintiff that any filing not containing a certificate of service would be returned. (Id.) The Court further instructed Plaintiff on the process for conducting discovery and cited the applicable Federal Rules of Civil Procedure. (Id. at 3-4.) During a recent telephone conference with the parties in this case, the Court emphasized to Plaintiff the importance of familiarizing himself and complying with the rules applicable in federal court. (See doc. no. 18.)

The matter is now before the Court because Plaintiff filed two discovery motions, neither of which contains a certificate of service, as is required by Local Rule 5.1, showing that his motions were served on defense counsel. In one motion, Plaintiff asks the Court to subpoena all manner of information from an unidentified source, for an unidentified time period, regarding his work related performance, as well as regarding "all harassment and discrimination" evidence. (Doc. no. 20.) In the other motion, Plaintiff asks the Court "to give the Defendants Counsel copies of the voice recording of defendant threatening the Plaintiff job and other were the Defendant . . . . Rule and testimony and recording show his harassment and discrimination against the Plaintiff (sic)." (Doc. no. 19.)

The Court **DENIES** both motions, (doc. nos. 19, 20), as they do not comply with the requirement in the Local Rules to attach a certificate of service showing the motions were filed on opposing counsel. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion). Even if Plaintiff had served his motions on opposing counsel, they are procedurally improper. As the Court explained in its Order providing instructions on the progression of this case, Plaintiff must conduct discovery in accordance with the Federal Rules of Civil Procedure. Thus, Plaintiff's discovery requests must be directed to Defendants or, if appropriate, to third parties pursuant to Federal Rule of Civil Procedure 45, but the Court will not conduct discovery on Plaintiff's behalf.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

With respect to the request for copies of a voice recording of a Defendant threatening Plaintiff's job, (doc. no. 19), the Court notes that even if Plaintiff had provided any identifying information about the recording he references, the Court is not in the business of making copies and distributing them on behalf of parties. If Plaintiff has submitted a recording to the Clerk of Court, there is no indication on the publicly available docket as would be required by the Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, Section IV.B. According to those Procedures, if a party submits exhibits in conventional form, *e.g.*, a cassette recording, the Clerk's Office should make a text-only entry on the docket and the exhibit should be noted in a Notice of Manual Filing and served on the opposing party.

The Court is aware of a note written by Plaintiff and attached to the end of his complaint that states he is leaving a tape recording with the Clerk regarding his case and asking the Court to investigate what he describes as "discrimination and the abuse of power by harassment!" (Doc. no. 1, p. 67.) If this is the recording to which Plaintiff refers in his motion for copies, Plaintiff is reminded that that he is responsible for prosecuting his case. The Court will not conduct discovery or otherwise investigate his case for him. Indeed, if Plaintiff seeks judicial action of any type, it must be contained in a motion that is served on the opposing party, not in a personal letter or note to the Court. In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000).

As this improper note to the Court and recording referenced therein was not identified in the complaint as an official exhibit, the Court considers it to be discovery material. As the Court previously explained to Plaintiff, discovery material is not routinely filed with the Clerk of Court. (Doc. no. 6, p. 3.) None of the enumerated exceptions related to a filing

3

direction from the Court, filing in support of a motion or response, or use at trial apply in this circumstance. Therefore, if the Clerk of Court is in possession of any cassette recording Plaintiff improperly submitted when he filed his complaint, the Court **DIRECTS** the cassette be returned to Plaintiff, along with a copy of the standard memorandum issued by the Clerk of Court with the subject line "Restriction/Return of Discovery Related Materials."

In sum, Plaintiff's discovery motions are denied. The Court directs the Clerk to return any improperly filed discovery material. The Court reminds Plaintiff it is his responsibility to know and follow the rules of the federal court. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court.").

SO ORDERED this 7th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA