IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
TYRONE LACY,                      *
                                  *
      Plaintiff,                  *
                                  *
      v.                          *
                                  *       CV 114-243
                                  *
CBI POWER and LOCAL UNION 515,    *
                                  *
      Defendants.                 *
                                  *
                                  *
```

**O R D E R**

Two motions are currently before the Court: (1) Defendant CB&I Power's motion for summary judgment (doc. 32); and (2) Defendant Laborers Local 515's ("Local 515") motion for summary judgment (doc. 34). For the reasons explained below, the Court **GRANTS** both motions.[1]

### I. Background

This case arises out of Plaintiff Tyrone Lacy's employment with CB&I Power, a company that was involved in the construction of the Plant Vogtle nuclear plant. (See generally Doc. 32, Ex.

---

[1] Also pending on the Court's docket is Defendant CB&I Power's motion to dismiss for untimely service. (Doc. 25.) Because the Court finds summary judgment proper, it is unnecessary for the Court to address CB&I Power's motion to dismiss.

5.) Plaintiff, an African American male, began working for CB&I Power in September 2011 as a journeyman and was promoted to a foreman position in August 2013. (Doc. 34, Ex. 2 at 23, 67.) In October 2013, Plaintiff was involved in an altercation with another CB&I employee. (Id. at 44-52.) Following the incident, CB&I Power suspended Plaintiff for two weeks. (Id. at 52.) While suspended, Plaintiff met with Local 515 assistant business manager Moses Dunn, who told Plaintiff he would help him with the suspension. (Doc. 35, Ex. 1 ¶ 3.) When Plaintiff returned to work, he was demoted to a journeyman position. (Doc. 32, Ex 4 at 51.) Subsequently, Plaintiff's supervisor, Allen Dingman, recommended that CB&I Power promote Plaintiff back to foreman. (Id. at 52.) But, on April 9, 2014, CB&I Power promoted Lizzy Jones instead of Plaintiff. (Id. at 57.) Plaintiff maintains that Mr. Dunn prevented him from receiving the promotion. In fact, Mr. Dunn admits that he objected to CB&I Power promoting Plaintiff because of Plaintiff's prior conduct at work. (Doc. 35, Ex. 1 ¶ 4.) Plaintiff also claims that Mr. Dunn left him a harassing voicemail, in which he told Plaintiff that Plaintiff would never be promoted to a foreman position. Around April 21, 2014, Plaintiff met with Mr. Dunn and another Local 515 representative to discuss, among other things, the denial of the promotion. (Doc. 32, Ex. 4 at 111-15; Doc. 35, Ex. 1 ¶ 5.)

After receiving a right-to-sue letter from the EEOC, Plaintiff, proceeding pro se, commenced this action on December 30, 2014. (Doc. 1.) Plaintiff claims that CB&I Power and Local 515 discriminated against him based on his race in violation of Title VII and that they retaliated against him in violation of Title VII.

## II. **Legal Standard**

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of

proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively

4

negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of the Court gave Plaintiff notice of the motions for summary judgment and informed him of the summary-judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Docs. 37-38.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

5

## III. Discussion

**1. CB&I Power's Motion for Summary Judgment**

CB&I Power moves for summary judgment on both Plaintiff's disparate-treatment claim and his retaliation claim.

**a. Disparate treatment**

Plaintiff claims that he was denied the promotion to foreman because Mr. Dunn objected to his promotion, which prevented Plaintiff from receiving the promotion. Essentially, Plaintiff maintains that Mr. Dunn discriminated against him when he objected and that CB&I Power discriminated against him when it denied him the promotion.

In any Title VII disparate-treatment case based on circumstantial evidence, the Court applies the well-known burden-shifting framework derived from <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), which requires a plaintiff to first establish a prima facie case. <u>Brown v. Ala. Dep't of Transp.</u>, 597 F.3d 1160, 1174 (11th Cir. 2010). Once the plaintiff has done that, the burden shifts to the employer to proffer a legitimate, nondiscriminatory reason for its action. <u>Id.</u> The burden then shifts back to the plaintiff to establish that the employer's reason was merely pretext for discrimination. <u>Id.</u>

To establish a prima facie case in a failure-to-promote case, such as this one, the plaintiff must establish: "(1) that

the plaintiff belongs to a protected class; (2) that [he] applied for and was qualified for a promotion; (3) that [he] was rejected despite [his] qualifications; and (4) that other equally or less-qualified employees outside of [his] class were promoted." Id. "The comparators for the fourth prong must be similarly situated in all relevant respects." Id. (citation omitted) (internal quotation marks omitted).

Here, CB&I Power argues that Plaintiff has failed to establish any of the elements of a prima facie case, except the first. Although CB&I Power is likely correct, the Court finds it necessary to address only one element — Plaintiff's lack of comparator evidence. The only evidence in the record on this element the Court can locate is the evidence that Lizzy Jones received the promotion to foreman.[2] First, as CB&I Power points out and Plaintiff acknowledges, Ms. Jones is also African American, meaning she is not outside of Plaintiff's class. See Brown, 597 F.3d at 1174. Moreover, even if she were, Plaintiff has offered no evidence that Ms. Jones was equally or less qualified than Plaintiff. Indeed, the evidence that is in the record indicates that she is more qualified than Plaintiff; when

---

[2] Plaintiff's complaint and other papers before the Court reference a white male who Plaintiff claims was promoted to foreman despite having previously used a racial slur at work. First, the Court cannot locate any evidence to support this contention. Second, even taking Plaintiff's allegation as true, this alone would not be sufficient to establish this person as a comparator because there is no indication that this employee was otherwise similarly situated to Plaintiff.

7

Plaintiff previously held the foreman position, he was demoted because of an altercation with another employee, and there is no evidence that Ms. Jones was ever disciplined at work.

When a plaintiff is unable to provide evidence of similarly situated employees, the claim may nonetheless survive summary judgment if the plaintiff produces other evidence of discrimination. See Roxbury-Smellie v. Fla. Dep't of Corrections, 324 F. App'x 783, 786 (11th Cir. 2009) (citing Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)). In this case, Plaintiff has not produced any evidence of discrimination. During his deposition, when asked how he was discriminated against, Plaintiff testified that he believes that Mr. Dunn discriminated against him by objecting to his promotion because Mr. Dunn favors Shirley Wimberly, another CB&I Power employee who is also African American. (Doc. 32, Ex 4 at 15.) Plaintiff went on to state: "You know, it doesn't have to deal with the color of race. It's a man and a woman, you know?" (Doc. 32-4 at 15.) Plaintiff, however, has not asserted a gender-discrimination claim.

Because Plaintiff has not presented any evidence showing that CB&I Power discriminated against him on the basis of his race, the Court **GRANTS** CB&I Power's motion for summary judgment on this issue.

8

### b. Retaliation

Plaintiff also claims that CB&I Power retaliated against him in violation of Title VII. Under Title VII, it is unlawful to retaliate against an employee for opposing an unlawful employment practice. 42 U.S.C. § 2000e-3 ("It shall be an unlawful employment practice for an employer to discriminate against [an employee] . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . ."). "To establish a prima facie case of retaliation under Title VII, the plaintiff must show (1) that [he] engaged in statutorily protected expression; (2) that [he] suffered an adverse employment action; and (3) that there is some causal relation between the two events." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007) (per curiam) (citation omitted) (internal quotation marks omitted). To prevail on a Title VII retaliation claim, a plaintiff "must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented." Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1213 (11th Cir. 2008) (quoting Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997)).

Although it is not entirely clear, the record indicates

9

that Plaintiff bases his retaliation claim on his April meeting with Mr. Dunn and the other Local 515 representatives. That is, Plaintiff claims that, at that meeting, he complained about not being promoted and about Mr. Dunn's objections and that he was retaliated against for voicing those concerns. (Doc. 32, Ex. 4 at 62.) Plaintiff's claim fails for two reasons. First, there is no evidence that Plaintiff complained about or opposed any allegedly unlawful acts by CB&I Power. The evidence indicates that Plaintiff only complained about not being promoted and about the voicemail Mr. Dunn left Plaintiff. But there is no evidence that Plaintiff complained about racial discrimination or any other unlawful act under Title VII. Second, Plaintiff's claim fails because the meeting occurred *after* Plaintiff had been denied the promotion, the only adverse employment action the Court can discern. But if that action occurred before Plaintiff made his complaint, his complaint cannot be the cause of the adverse employment action. Accordingly, the Court **GRANTS** CB&I Power's motion for summary judgment on this issue.

**2. Local 515's Motion for Summary Judgment**

Like CB&I Power, Local 515 moves for summary judgment on Plaintiff's disparate-treatment and retaliation claims.

**a. Disparate treatment**

Plaintiff's disparate-treatment claim against Local 515 is based on the same acts as his disparate-treatment claim against

CB&I Power: that Mr. Dunn objected to Plaintiff's promotion, which prevented him from receiving the promotion. Local 515 points out that some courts have adopted variations of the McDonnell Douglas framework in cases against unions. The Court, however, finds it unnecessary to adopt or apply any particular variation of the framework. Regardless of the test applied, Plaintiff must present evidence of discrimination, which he can do by showing that Local 515 treated a similarly situated individual outside his class differently or by otherwise creating an inference of discrimination. See Gilmore v. Nat'l Handlers Union Local 318, 517 F. App'x 784, 787 (11th Cir. 2013); Griggs v. BellSouth Telecomm., No. 4:06-CV-076(CDL), 2007 WL 4299844, at *4 (M.D. Ga. Dec. 6, 2007) ("Here, Plaintiff established her prima facie case with respect to the BellSouth defendants and the Union defendants by creat[ing] an inference of discrimination." (citation omitted) (internal quotation marks)).

There is no evidence in the record showing that Local 515 treated a similarly situated person differently or any other evidence that Local 515 discriminated against Plaintiff. As noted above, Plaintiff testified that Mr. Dunn favored Shirley Wimberly, but there is no evidence that Mr. Dunn did in fact treat Ms. Wimberly more favorably. And there is no evidence that Ms. Wimberly was similarly situated to Plaintiff. Accordingly,

11

the Court **GRANTS** Local 515's motion for summary judgment on this issue.

**b. Retaliation**

Like his disparate-treatment claim, Plaintiff's retaliation claim against Local 515 is based on the same acts as his retaliation claim against CB&I Power. As explained above, "[t]o establish a prima facie case of retaliation under Title VII, the plaintiff must show (1) that [he] engaged in statutorily protected expression; (2) that [he] suffered an adverse employment action; and (3) that there is some causal relation between the two events." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007) (per curiam) (citation omitted) (internal quotation marks omitted).

Just as with his claim against CB&I Power, Plaintiff has failed to establish that he was engaged in statutorily protected activity and that there is a causal connection between the promotion denial and his complaints. Accordingly, the Court **GRANTS** Local 515's motion for summary judgment on this issue.

**3. CB&I Power's Request for Attorneys' Fees**

In the conclusion section of its brief in support of its motion for summary judgment, without explanation, CB&I Power asks the Court to award reasonable attorneys' fees. The Court declines to do so.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** Defendants' motions for summary judgment (docs. 32, 34). The Clerk is instructed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 15th day of June, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA